**WINKLER, Exrx., Plaintiff-Appellant, v. GLASER, Defendant-Appellee.**

Ohio Appeals, Second District, Montgomery County.

No. 1790. Decided June 27, 1945.

D. H. Wysong, Dayton, for plaintiff-appellant.
Mathias H. Heck, Dayton, for defendant-appellee.

**OPINION**

BY THE COURT:

The parties went to trial to judge and jury upon issue joined on an amended petition consisting of two causes of action, an answer and cross-petition and a reply thereto. The first cause of action in the amended petition was for $50.00 claimed to have been deposited by John Oliver Winkler, plaintiff's decedent, as cash bond to protect his account as a driver of one of the bread routes of defendant's bakery, $45.00 additional claimed to be retained as an additional cash bond, and other moneys retained from the plaintiff's decedent's weekly wages,

totalling in all $1159.25. The second cause of action was on a verbal contract wherein it was claimed the defendant employed plaintiff's decedent to work in the bakery of defendant as a shipping clerk at a wage of $25.00 per week for forty-eight hours, and fifty cents an hour for all overtime and upon an itemized statement showing 1916 hours of overtime, making $958.00 in all claimed to be due on the second cause of action. The answer of defendant was a general denial and an averment that plaintiff's decedent was indebted to defendant in the sum of $27.00 for a claimed shortage in his account while operating the bread route for the defendant. The reply was a denial of the claim of the cross-petition.

When the cause came on for trial, plaintiff's decedent having died, plaintiff and Ethel May Litman testified in behalf of plaintiff and Marie Glaser was called for cross-examination.

Suffice to say that there is no evidence whatever tending to establish any essential averment of the first cause of action of the petition.

Upon the second cause of action there was testimony tending to support the claim that the defendant had employed plaintiff's decedent at a wage of $25.00 per week with fifty cents per hour for overtime but the only source of specific proof as to the extent of overtime is found in what was tendered as a book account which Mrs. Winkler claimed to have kept on behalf of her husband. This account book was offered in evidence but upon objection, the trial judge refused to receive it.

In this conclusion the trial judge was correct. The book was not proven to be an account book of original entries and the proof as to the time when, manner of making up and authenticity of the entries was insufficient to bring it within the classification of a book account.

At the conclusion of the plaintiff's testimony, the court on the motion of the defendant instructed a verdict for the defendant.

We have read the record in its entirety and find that there was no competent probative evidence proffered upon which a jury could have returned a verdict in any sum for the plaintiff.

No error assigned is sustained.

The judgment will be affirmed.

HORNBECK, P. J., GEIGER and MILLER, JJ., concur.